### TATE *versus* INNERARITY.

The rate of interest, stipulated to be paid on a contract, in the absence of written or statutory law, may be fixed by a jury, according to the custom of the place, where the contract is made.

This was an action of assumpsit, on a promissory note, brought by Innerarity in the Circuit Court of Baldwin. The note bore date at Mobile, and was executed while that city was a Spanish province : it stipulated for the payment of interest after maturity; and the question raised, was as to what rate of interest was legally chargeable thereon. It was in proof that no written law was known in Mobile at that time, under the Spanish government, regulating the rate of interest; but that by the custom of the Merchants of Mobile, a certain rate was usually charged.

On this state of facts the Court charged the jury. that they might allow interest, at the rate usual, by custom, at Mobile.

To this opinion the defendant excepted, and there being a verdict against him, he took a writ of error.

PERRY, J.—This was an action of assumpsit, brought by the defendants in error as the surviving partners of John Forbes & Co. against the plaintiff in error. The defendant in the Court below, who is plaintiff here, plead the general issue—payment—that the note was obtained by duress of imprisonment, and by threats—and the statute of limitations. The jury found the issues in favor of the plaintiffs below. On the trial a bill of exceptions was taken, which presents the following facts: that the defendant in the Court below at Mobile, on the tenth day of October,

1811, made his promissory note, by which, on or before the first of March next ensuing, he promised to pay Messrs. John Forbes & Co. of Mobile, or their order, six hundred and seventy-five dollars and five rials, for value received of them, with interest after due. The plaintiffs also read in evidence a letter addressed to one of them, from said defendant, dated 24th November, 1817, in which it is said he hoped, his long silence would not cause the one, to whom the letter had been addressed, any uneasiness about the debt which he had named to him sometime back, as he had made use of every possible means to procure the money,—that he had the promise of it on the third day of January, and should that fail, he would have his cotton ready for market.

The Plaintiffs in the Court below, also proved by the deposition of a Mr Hannah, that he, as agent for plaintiffs, on the fourth day of October, 1819, presented the note sued on, and some accounts in favor of plaintiffs, to the defendant, who acknowledged the note and promised to pay it, with the interest due thereon, and part of the account, in four or six weeks; and then offered to pay in silver, three hundred dollars, if a premium would be allowed him for the silver. The deposition also proves, that it was the custom of merchants before the change of government, to charge from eight to ten per cent. interest on money. The witness also states, that he was ignorant of any written law allowing interest upon debts contracted within the Spanish provinces, in which Mobile was at the time the debt was contracted, and at the maturity of the note. Upon the foregoing facts the Court charged the jury—that if they believed, from the evidence, it to have been the custom of

merchants in the country where the note was made, in the absence of any written law upon the subject, to receive from eight to ten per cent. interest, they might allow the rate of interest collected by merchants according to the custom of the country.

In giving this charge it is said the Court erred, and is the only question raised by the record for the decision of this Court, and in answer to which, we hold it as a principle of the common law, that parties to contracts could stipulate for the payment of reasonable interest, and if no rate was stipulated, the customary rate for the use of money, could be proved and recovered. In the absence then of any written or statutory law, regulating the rate of interest, we know of no better rule, than to leave the rate to be fixed by the custom of the place where the contract is made, unless the parties fix the rate for themselves. In the case before us, interest was stipulated to be paid after the maturity of the note, the rate was not fixed, thereby, leaving it to be regulated by the custom of the country, as matter of proof for the consideration of a jury, when their intervention became necessary.

We are therefore, of opinion the Court did not err, in the charge given, and judgment is affirmed.

CRENSHAW, J. not sitting.